IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-3486-WYD-MEH

PCL CONSTRUCTION SERVICES, INC.,

    Plaintiff,

v.

OLD REPUBLIC GENERAL INSURANCE COMPANY;
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,

    Defendants.
_____

**ORDER ON MOTIONS TO DISMISS**
_____

I.    INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on The Insurance Company of the State of Pennsylvania's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Count III of Plaintiff's Complaint (ECF No. 22), filed on March 9, 2015, and Old Republic General Insurance Corporation's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the Third Claim for Relief in Plaintiff's Complaint (ECF No. 48), filed on June 15, 2015.   Plaintiff filed responses to both motions, and Defendants filed replies.   In its motion to dismiss and its reply, Defendant Old Republic General Insurance Company incorporated all arguments, authorities, and exhibits from both the motion to dismiss and the reply filed by Defendant Insurance Company of the State of Pennsylvania, and offered no additional argument or authority. Accordingly, the matter is fully briefed.

By way of background, this case arises out of a project-specific insurance

coverage dispute. Plaintiff was the general contractor for a construction project at a condominium development in Breckenridge, Colorado, known as One Ski Hill Place ("OSHP"). Plaintiff was insured under a commercial general liability policy issued by Defendant Old Republic General Insurance Company ("Old Republic"), and a commercial general liability insurance policy issued by Defendant Insurance Company of the State of Pennsylvania ("ICSP"). The ICSP policy was allegedly triggered by claims that exceed the underlying limit of $2 million per occurrence. Plaintiff's work at the condominium project resulted in defects and property damage related to the shower units installed by Plaintiff. Upon learning of the construction defects, Plaintiff alleges that it notified both Old Republic and ICSP about claims asserted against Plaintiff by OSHP, and demanded a defense and indemnity from Defendants. Compl., p. 3. Plaintiff alleges that it did not receive responses from Defendants, despite various demands for defense and indemnity. *Id.* Ultimately, Plaintiff contends that it intended to enter into a settlement agreement with OSHP, and proposed a repair plan to mitigate costs and liability. *Id.* Plaintiff claims it notified Defendants of the intended settlement agreement and proposed repair plan. *Id.* Plaintiff claims that more than one year after it tendered its demand for defense and indemnity to Defendants, it had not yet received a coverage decision, nor any payment towards the coverage obligations. *Id.* at 4. Plaintiff alleges that, due to Defendants' delay and denial of covered benefits of indemnification, Plaintiff "was forced to undertake repairs at the Project, which it has self-funded in an amount that exceeds $2,000,000." *Id.*

Plaintiff asserts four claims for relief in this matter:  1) breach of contract; 2) common law bad faith; 3) violation of C.R.S. §§ 10-3-1115 and 1116 (the "Bad Faith Act"); and 4) declaratory judgment against Defendants.  Defendants argue that Plaintiff's third claim for relief, the statutory bad faith claim under Colorado statute, must be dismissed for failure to state a claim.  Defendants argue that Plaintiff does not meet the statutory definition of a "first party claimant" and therefore, the provisions and protections of the statute do not apply to Plaintiff.  Plaintiff argues that the plain language of the statute and controlling case law indicate that Plaintiff falls under the statutory definition of "first party claimant."

II.   ANALYSIS

**A.  Standard of Review**

In reviewing a motion to dismiss, the court must "accept all well-pleaded facts as true and view them in the light most favorable" to the party asserting the claim. *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs.*, 633 F.3d 1022, 1025 (10th Cir. 2011).  To survive a motion to dismiss under Rule 12(b)(6), the party asserting the claim "must allege that 'enough factual matter, taken as true, [makes] his claim for relief . . . plausible on its face.'"  *Id.*  "A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.*

Thus, a party asserting a claim "must include enough facts to 'nudge[] his claims across the line from conceivable to plausible.'"  *Dennis v. Watco Cos., Inc.*, 631 F.3d

1303, 1305 (10th Cir. 2011). Conclusory allegations are not sufficient to survive a motion to dismiss. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

## B. Third Claim for Relief – Violation of Colorado's Bad Faith Act

Defendants claim that Plaintiff's third claim for relief must be dismissed because Plaintiff is not a first party claimant under the Bad Faith Act. Section 10-3-1115 of the Act concerns the improper denial of claims by insurance companies, and provides in pertinent part as follows:

> (1)(a) A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.
> (b) For the purposes of this section and section 10-3-1116:
> (I) "First-party claimant" means an individual, corporation, association, partnership, or other legal entity asserting an entitlement to benefits owed directly to or on behalf of an insured under an insurance policy. "First-party claimant" includes a public entity that has paid a claim for benefits due to an insurer's unreasonable delay or denial of the claim.
> (II) "First-party claimant" does not include:
> (A) A nonparticipating provider performing services; or
> (B) A person asserting a claim against an insured under a liability policy.

Section 10-3-1116 of the Act concerns the recovery of reasonable attorney's fees and costs and two times the covered benefit for first party claimants whose claim has been unreasonably delayed or denied.

1. <u>First Party Claimant</u>: The main contention in Defendants' motions to dismiss is that Plaintiff is not a first party claimant under the Act, and therefore, the Act

- 4 -

does not apply in this matter.    Defendants assert that Plaintiff has stated a claim for third party liability insurance, and that the distinction between first party claimants and third party claimants has been established in both Colorado case law and statutes.  Defendants rely principally on two cases from this District to support their argument.  First, they cite *New Salida Ditch Co. Ins. v. United Fire & Casualty Co.*, 2009 WL 5126498 (D. Colo. Dec. 18, 2009), which referred to Colorado Supreme Court definitions of first and third party claimants to conclude that sections 10-3-1115 and 1116 did not apply to an insured's general liability policy.   Second, they cite *Gustafson v. Am. Fam. Mutual Ins. Co.*, 2012 WL 4755357 (D. Colo. Oct. 5, 2012), which stated that the Act provided no remedy for failure of an insurer to defend an insured under a general liability policy.

Several judges in this District have addressed these arguments over the last several years, and there has been some indication of disagreement until recently.   The consensus appears to have settled on the side of permitting statutory bad faith claims for commercial general liability ("CGL") insureds.   Most recently, Judge Brimmer departed from his decision in *Gustafson* in order to "join[] the weight of authority concluding that the plain language of § 10-3-1115(1)(b)(I) is controlling and does not preclude CGL insureds from bringing a statutory bad faith claim."   *Nat'l Union Fire Ins. Co. v. Intrawest ULC et al.*, 2015 WL 1326199, at *4 (D. Colo. Mar. 20, 2015).    Similarly in *Okland Constr. Co. Inc.*[1] *v. Phoenix Ins. Co.*, 2013 WL 2285778, at *4 (D. Colo. May 23, 2013), Judge Babcock concluded that an insured seeking indemnity under a CGL policy was a first

---

1 The Westlaw version of this decision reflects the Plaintiff's name as Oakland, but the name in fact is Okland.

- 5 -

party claimant under the plain language of section 10-3-1115, indicating specifically his disagreement with the holdings in both *New Salida* and *Gustafson*. He also cited other district court cases that held that "an insured under a liability policy is a first-party claimant for purposes of Sections 10-3-1116." *Id.* at *5. *See D.R. Horton, Inc. v. Mountain States Mutual Casualty Co.,* 2013 WL 674032 at *1–2 (D. Colo. Feb. 25, 2013) (Judge Jackson) (noting conflicting decisions interpreting first party claimant for purposes of sections 10–3–1115 and 1116 before concluding that insured was a first party claimant based on the plain language of section 10–3–1115); *D.R. Horton, Inc. v. Travelers Indemnity Co.,* 2012 WL 5363370 at * 11 (D. Colo. Oct. 31, 2012) (Judge Martinez) (finding that an insured seeking to recover its defense fees and costs was asserting a first party claim as benefits owed directly to or on behalf of the insured); *Sterling Constr. Mgmt., LLC v. Steadfast Ins. Co.,* 2011 WL 3903074 at * 12 (D. Colo. Sept. 6, 2011) (Judge Krieger) (permitting named insured to assert a claim under the Act seeking benefits payable directly to itself after indemnifying third-party). Both Judges Babcock and Brimmer noted that the General Assembly's intention in enacting the Bad Faith Act was to create an express private right of action in addition to and different from common law bad faith claims. *See Intrawest*, 2015 WL 1326199, at *4; *Okland*, 2013 WL 2285778, at *4. On the basis of these decisions and on a reading of the plain language of the statute, I find that Plaintiff can bring a statutory bad faith claim as a first party claimant under the Act. Although Defendants argue that the legislative history of the

statute suggests a different interpretation, it is unnecessary to reach legislative history when the statutory language is not ambiguous.

  2. <u>Duty of ICSP</u>: Defendant ICSP argues that Plaintiff's policy with them is an excess policy, without a duty to defend, only to indemnify against OSHP's claim, so that any finding of liability under the Act related to defense claims do not apply to ICSP.   This argument does not relieve ICSP of liability under the Act.

  In *Okland*, Judge Babcock found that the Act applied to an insured that was seeking indemnity from the insurer under a CGL policy.   *Okland*, 2013 WL 2285778, at *5.   In *Intrawest*, Judge Brimmer found that a CGL policy's benefits included payment of both defense costs and indemnity for covered claims.   *Intrawest*, 2015 WL 1326199, at *5.   Additionally, in a 2010 state court interpretation of the Act, *Stresscon Corp. v. Rocky Mountain Structures, Inc.*, No. 09-cv-3252, the court held that "the definitional language [of section 1115] is unambiguous, and that by its clear and unequivocal terms it applies to any insured who claims his insurer owes him a benefit under a contract of insurance.   An insurer's obligation to *defend and indemnify* under a liability policy is every bit as much a 'benefit owed directly to or on behalf of' an insured as a claim under flood insurance." (emphasis added).   I find that ICSP's potential liability under the Act is not extinguished by the fact that its policy only indemnifies its insured and does not purport to defend the insured.

  3. <u>Defense Costs</u>: Plaintiff claims that it has incurred costs in defending its claim against OSHP in an attempt to work toward settlement, and has incurred costs from

its self-funded repair plan on the project.   Defendants argue that Plaintiff's "actual allegations in its complaint demonstrate that no settlement exists . . . [and that Plaintiff] is simply seeking coverage for repairs it made to its own defective work, rather than third-party liability."   Def. ICSP's Reply, ECF No. 43, p. 2.

In Plaintiff's complaint, it asserts that it "investigated and defended [OSHP's] claims itself," and that "proposed a repair plan" in an effort to resolve the existing claims against it.   Compl., ¶ 23.   It asserts that it "has provided Old Republic with back-up documentation supporting the defense costs it has incurred," and that the "cost of defense . . . [has been] wrongfully withheld."   Compl., ¶ 25.   Plaintiff denoted its "intent to enter into a Settlement Agreement with OSHP to obtain a full and final release" of claims, and a demand that Defendants "reimburse it for the defense costs it had assumed."   Compl., ¶ 30.

As noted above, in considering a motion to dismiss, the court must "accept all well-pleaded facts as true and view them in the light most favorable" to the party asserting the claim. *Jordan-Arapahoe, LLP*, 633 F.3d at 1025. I find that Plaintiff has sufficiently pled facts that it has incurred defense costs and that it has expended such costs in an effort to reach a settlement agreement with OSHP.   Accordingly, Defendants cannot prevail on this argument to dismiss Plaintiff's third claim for relief.

III.   CONCLUSION

Based on the foregoing, it is

ORDERED that The Insurance Company of the State of Pennsylvania's Fed. R.

- 8 -

Civ. P. 12(b)(6) Motion to Dismiss Count III of Plaintiff's Complaint (ECF No. 22) is **DENIED**.   It is

FURTHER ORDERED that Old Republic General Insurance Corporation's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the Third Claim for Relief in Plaintiff's Complaint (ECF No. 48) is **DENIED**.

Dated:   January 4, 2016.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE