IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03486-WYD-MEH

PCL CONSTRUCTION SERVICES, INC.,

    Plaintiff,

v.

OLD REPUBLIC GENERAL INSURANCE COMPANY, and
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,

    Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is a Joint Motion to Stay All Deadlines, which the Court construes as a motion for a temporary stay of discovery [filed February 18, 2016; docket #82]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1(c), this matter has been referred to this Court for disposition [docket #83]. The Court finds that oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants** the motion.

    The parties seek a temporary stay until March 15, 2016, at which time they will either file dismissal papers or a report on the status of settlement negotiations.

    The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

    A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay

may be appropriate if there is a possibility of resolution of the entire action. *See Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

 The following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

 In weighing the factors set forth for determining the propriety of a stay, the Court finds that a temporary stay of discovery is appropriate in this case. With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with the case against the burden on a defendant of going forward. Here, the parties agree to the requested stay and, thus, no desire to proceed at this time need be considered.

 Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position, particularly here where the stay requested is relatively brief. Defendants make no argument concerning the interests of non-parties or the public, and the Court perceives minimal effect, if any, resulting from of a temporary stay of these proceedings.

 Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that a temporary stay of discovery is justified and will be imposed in this case.

**III.**  **Conclusion**

 Accordingly, for the reasons stated above, it is hereby ORDERED that the Joint Motion to Stay All Deadlines, which the Court construes as a motion for a temporary stay of discovery [<u>filed February 18, 2016; docket #82</u>] is **granted**. A temporary stay of discovery is hereby imposed until

3

March 15, 2016, at which time the parties shall file dismissal papers or a report reflecting the status of their settlement negotiations.

Dated at Denver, Colorado, this 19th day of February, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge